[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Frank R. White, Jr. (White), brings this action for breach of contract against the defendant, Donald Rockwell (Rockwell). He claims he sold his septic pumping business to the defendant and the defendant has failed to pay the full amount after making some payments.
According to the contract, Rockwell was to pay $12,000 for the business plus $8,904 for yellow pages advertising. In a separate transaction, the defendant purchased a used 1986 GMC Septic Pumping truck from the plaintiff for $8,500. White claims that Rockwell paid only $3,668 on the total due of $12,000 plus $8,904 or $20,904, leaving a balance due of $17,236. White has also filed a CUTPA count under C.G.S. § 42-110a, et seq.
Rockwell has refused further payment alleging that White breached the contract by not providing the business he promised in that he failed to provide an up to date customer list, he failed to refer calls for business to Rockwell and that the business was not grossing $1,500 to $2,000 per week. Rockwell also claims that he should not have to pay for the advertising because some of the ads include advertising for business which was not sold to the defendant. He claims he is entitled to a credit for half of the advertising since he was not aware of the references to business other than the one he was buying.
Rockwell also filed a counterclaim that the 1986 GMC truck was not in "inspectable" condition as claimed by White and claims $10,000 in costs to repair it.
As to Rockwell's claim that the business was not grossing $1,500 to $2,000 per week as represented by White, the evidence was clear at the trial that it was. The testimony of White and the exhibit showing Weekly Sales Analysis Reports clearly establish White's position. Rockwell's attempts to refute these clearly established figures by an analysis of income tax returns fails to do so. The court finds that the customer list put into evidence was exactly as called for by the contract. The exhibit of the list itself and testimony by Kerry Harris showed how the list was generated and maintained. All the evidence showed that CT Page 11937 the list contained the names, addresses and phone numbers of all past and present customers. The defendant's argument that he expected something different is no defense.
Rockwell also argues that the contract called for White to refer all phone calls to him for septic business. He testified he received very few calls and asserts that White breached the contract by failing to refer all calls to him. As a result of testimony by the plaintiff and his employees, the court finds that all calls were referred that could be referred. Some callers refused to have their names or phone numbers and thus could not be referred. The only evidence offered by Rockwell was that he did not get many calls and could not maintain the same level of business as White. The court finds such claims highly speculative and far outweighed by the convincing evidence presented by White.
Regarding Rockwell's claim that he did not agree to pay $8,904 for yellow pages advertising, the contract which he signed clearly states: "It is also agreed that Mr. Rockwell will pay the sum of $8,904 for the new advertising for the year 1996." Although the language of the contract is clear and unambiguous, and he made five monthly payments in accordance with the contract he now claims that he did not agree to pay $8,904 because the ads listed services still retained by White. The ads were already in the phone book. Rockwell could have reviewed them and put into the contract a lessor amount. His failure to do so prevents him from now denying that he contracted to pay for the ads.
The parties agreed to the sale of a GMC truck. Rockwell had an opportunity to inspect and observe the operation of the truck. It had passed inspection in December of 1995. White agreed to reduce the price from $16,000 to $8,500 based upon its condition at the time of sale. The court finds that there was no misrepresentation by the plaintiff as to the condition of the truck. The court denies the defendant's claim of fraud against the plaintiff.
Finally, in a separate matter in his counterclaim, Rockwell seeks to hold White responsible for pumping out a catch basin claiming that White hired him to do the job. The evidence showed that he was hired by the property owner and only after the latter refused to pay did he seek payment from White. The property owner made a partial payment. After he refused to pay the balance, Rockwell sought payment from White. The court finds that Rockwell has failed to prove this claim. CT Page 11938
The court finds that the defendant has failed to prove his claim of unfair trade practices as against the plaintiff.
Accordingly, the court finds for the plaintiff with respect to all claims and counterclaims, other than the plaintiff's claim under CUTPA, and, therefore, enters judgment in his favor in the amount of $17,236 plus prejudgment interests and costs.
D. Michael Hurley Judge Trial Referee